**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-22885-LEIBOWITZ**

**SANTOS BERLIN SALINAS-DUARTE**,

    *Petitioner*,

*v.*

**WARDEN, KROME NORTH SERVICE**
**PROCESSING CENTER**, *et al.*,

    *Respondents.*

_____/

### <u>ORDER IN HABEAS CASES SEEKING RELIEF PURSUANT TO 8 U.S.C. § 1226(a)</u>

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], filed on April 24, 2026, and Petitioner's Motion for Order to Show Cause ("the Motion") [ECF No. 5], filed on April 28, 2026.  Petitioner Santos Berlin Salinas-Duarte ("Petitioner") is currently detained at Krome North Service Processing Center ("Krome") in Miami, Florida.  [*Id.* ¶ 17].  On May 20, 2026, the Court ordered Respondents to either (1) provide Petitioner an individualized bond hearing, consistent with 8 U.S.C. § 1226(a), within 7 days of the entry of the Order or otherwise release Petitioner or (2) show cause for Petitioner's detention.  [ECF No. 7 at 2–3].  Respondents have failed to comply with either of the options ordered by the Court, or seek extension or modification of the Order.

Petitioner is a native and citizen of Honduras.  [ECF No. 1 ¶ 22].  Petitioner is married to a U.S. citizen and has established substantial ties to his community through long-term residence, consistent employment, and family relationships.  [*Id.*].  Petitioner has been detained since September 17, 2025.  [*Id.* ¶ 23].  An immigration judge granted Petitioner's request for cancellation of removal on January 28, 2026, finding "that Petitioner satisfied the statutory requirements, including good moral

character and the absence of disqualifying criminal history, and that he merited relief as a matter of discretion," and "that Petitioner's removal would result in exceptional and extremely unusual hardship to his U.S. citizen spouse, who depends on him for daily care and essential support." [*Id.* ¶ 25]. The Department of Homeland Security appealed the decision, thereby staying the cancellation of removal. [*Id.*]. Petitioner remains in custody. [*Id.* ¶ 31].

In *Zadvydas v. Davis*, the Supreme Court held that the detention of a noncitizen pending removal was presumptively reasonable for a period of six months. 533 U.S. 678, 701 (2001). "Then, after the six-month period, if a detainee 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government 'must respond with evidence sufficient to rebut that showing.' If the government fails to rebut the detainee's assertion, he must be released." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313–14 (11th Cir. 2019) (quoting *id.*) (internal citations omitted).

Here, Petitioner has been detained far longer than the presumptively reasonable six-month window established in *Zadvydas*. Moreover, the fact that an immigration judge has granted Petitioner's request for cancellation of removal provides good reason to believe that there is no significant likelihood of removal in the foreseeable future. Having wholly failed to respond to the Petition, and having failed to either comply with or seek extension or modification of this Court's Order, Respondents have failed to rebut Petitioner's showing or provide any contrary evidence. Accordingly, under the plain terms of the statute, Petitioner "must be released." *Id.*

For these reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  The Petition [**ECF No. 1**] is **GRANTED**.

2.  Respondents shall release Petitioner from detention <u>no later than June 5, 2026</u>.

3.  Respondents shall certify compliance with this Order <u>no later than June 5, 2026</u>.

4. The Clerk is **DIRECTED** to **CLOSE** this case.  All deadlines are terminated, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on June 4, 2026.

_____
**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:       counsel of record

3